IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| FX Aviation Capital, LLC, )<br>　　　　　　　　　　　　　　　　　　)　C.A. No.  6:22-cv-01254-HMH<br>　　　　　　　　Plaintiff, 　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　vs.　　　　　　　　　　　　　)　**OPINION & ORDER**<br>　　　　　　　　　　　　　　　　　　)<br>Hector Guerrero, Mark Liker, Anatoly　)<br>Galunov, Varghese Samuel, Stratus Aircraft )<br>n/k/a Airlux Aircraft Inc., and LG Aviation, )<br>Inc.,　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants.　　)| |

This matter is before the court on Defendant Anatoly Galunov's ("Galunov") motion to set aside entry of default made pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the following reasons, the court grants Galunov's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 19, 2022, FX Aviation Capital, LLC ("FX") filed this action against Defendants, alleging civil RICO violations under 18 U.S.C. § 1962(c) and (d). (Compl., generally, ECF No. 1.) Galunov was served with the summons and complaint on July 28, 2022. (Summons Returned Executed, ECF No. 11.) However, he did not answer or respond to the summons and complaint within the 21-day deadline for filing a response. On September 8, 2022, FX requested that the clerk enter default against Galunov. (Req. Entry Default, ECF No. 17). Default was entered by the clerk the same day. (Entry Default, ECF No. 19.) The next day, on September 9, 2022, Galunov moved to set aside the default. (Mot. Set Aside Default, ECF No. 20.) FX filed a response in opposition on September 16, 2022. (Resp. Opp'n, ECF No. 26.)

1

This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Rule 55(c) of the Federal Rules of Civil Procedure permits a court to "set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts consider "[1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). Rule 55(c) is to be "liberally construed," and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). The decision to set aside default "lies largely within the discretion of the trial judge." Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

### A. Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Id. (emphasis added) (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2697 (2d ed. 1983)). This standard sets a "low bar." Burton v. TJX Cos., Inc., No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (unpublished); Raycap Asset Holdings Ltd. v. Weber, No.

3:22-CV-00083-KDB-DCK, 2022 WL 3364313, at *2 (W.D.N.C. Aug. 15, 2022) (unpublished).

Galunov argues that he has a meritorious defense because (1) FX's RICO claims are time-barred by the applicable statute of limitations and (2) he "was not involved with any of the brokerage and/or sales of various aircraft mentioned in [FX's] complaint." (Mem. Supp. Mot. Set Aside Default 2, ECF No. 20-1.) Though FX is correct in noting that Galunov did not submit an affidavit or declaration in support of his claims, the court is satisfied that Galunov has met the low bar of showing "some possibility" of ultimate success on the merits. Augusta, 843 F.2d at 812. The first factor tips in Galunov's favor.

## B. Reasonable Promptness

There is no dispute that Galunov has acted promptly; he moved to set aside default the day after it was entered. This factor weighs in Galunov's favor. See, e.g., Bell v. Artic Cat, Inc., No. 0:18-02850-MGL, 2021 WL 1791164, at *2 (D.S.C. May 5, 2021) (unpublished) (finding reasonable promptness where motion to set aside entry of default was filed thirty-one days after default was entered); Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001) (thirty-three days); United States v. Stover, No. 3:20-cv-00579-RJC-DCK, 2021 WL 3745034, at *3 (W.D.N.C. Aug. 24, 2021) (unpublished) (thirty-eight days).

## C. Personal Responsibility

In evaluating the personal responsibility factor, the proper focus is on the "source of the default." Augusta, 843 F.2d at 811. "When the party is blameless and the attorney is at fault, . . . [the entry of default] should ordinarily be set aside." Id. Yet when the party is at fault, this factor will weigh against setting aside the default. See id. Here, Galunov is plainly responsible for the default. He candidly admits that he "mistakenly and negligently set [FX's] Summons

3

and Complaint aside and forgot about his obligation to respond until he learned of the default on September 8, 2022." (Mem. Supp. Mot. Set Aside Default 2, ECF No. 20-1.) As a result, this factor weighs against setting the default aside.

### D. Prejudice

> To determine if a non-defaulting party was prejudiced, courts examine whether the delay: (1) made it impossible for the non-defaulting party to present evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; or (4) was used by the defaulting party to collude or commit a fraud.

5Star Life Ins. Co. v. Shoemaker Zenner, No. 2:19-cv-02593, 2020 WL 967593, at *3 (D.S.C. Feb. 28, 2020) (unpublished). As an initial matter, this case is in its early stages, and a scheduling order has not yet been entered. In other words, the delay has not "made it more difficult for [FX] to proceed with trial" or "hampered [its] ability to complete discovery." Id. Nevertheless, FX argues that Galunov's default "indicates that there will be increased difficulties in discovery" and even suggests that the delay has given Galunov an opportunity to "obstruct justice by getting witnesses to hide evidence or provide perjured testimony in this case." (Resp. Opp'n 7, ECF No. 26.) The former argument is wholly speculative, and the latter is borderline sanctionable. The court takes accusations of fraud on the court seriously and finds it troubling that FX has made such allegations without offering any supporting evidence. At any rate, this factor weighs in favor of setting aside default because FX has not suffered any discernible prejudice.

### E. History of Dilatory Action

Apart from the delayed response to the complaint, there is no evidence of previous dilatory conduct by Galunov. This factor favors setting aside the entry of default.

### F. Availability of Lesser Sanctions[1]

The Fourth Circuit has recognized that requiring the defaulting party to pay the nondefaulting party's attorney's fees and costs associated with seeking the entry of default may be an appropriate sanction less drastic than default. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987); Colleton Preparatory Acad., Inc., v. Hoover Universal, 616 F.3d 413, 418 (4th Cir. 2010). However, awarding attorney's fees and costs is not necessarily appropriate where, as here, the defaulting party's attorney is not to blame for the delay. See e.g., Vick v. Wong, 263 F.R.D. 325, 331 (E.D. Va. 2009); 5Star Life Ins. Co., 2020 WL 967593, at *3 (unpublished); Mahmoodian v. Pirnia, No. 3:11–cv–00005, 2012 WL 1997789, *5 (W.D. Va. June 4, 2012) (unpublished). Accordingly, this factor is neutral at best.

In sum, four of the Payne factors weigh in Galunov's favor, one is neutral, and only one – the personal responsibility factor – weighs against setting aside the entry of default. On balance, and in light of the Fourth Circuit's "strong preference" for resolving claims on their merits, Colleton Preparatory Acad., Inc., 616 F.3d at 417, the court finds that Galunov has demonstrated good cause to set aside the entry of default.

---

[1] Although Payne instructs courts to consider the "availability" of less drastic sanctions, the court reads Payne as requiring it consider whether such sanctions are appropriate. The inherent power to impose monetary sanctions is always "available" to the court. Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).

5

It is therefore

**ORDERED** that Galunov's motion to set aside entry of default, docket number 20, is granted. Galunov shall have ten (10) days from the date of this order to file a responsive pleading to FX's complaint.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
September 22, 2022