IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| FX Aviation Capital, LLC, | ) |
| | ) C.A. No. 6:22-01254-HMH |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Hector Guerrero, Mark Liker, Anatoly Galunov, Stratus Aircraft n/k/a Airlux Aircraft Inc., and LG Aviation, Inc., | ) ) ) |
| | ) |
| | ) |
| Defendants. | ) |

Before the court is Defendants Mark Liker ("Liker"), Anatoly Galunov ("Galunov"), Stratus Aircraft n/k/a Airlux Aircraft ("Airlux"), and LG Aviation, Inc.'s ("LG") (collectively "Defendants")[1] motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the reasons below, the court denies Defendants' motion.

## I. BACKGROUND[2]

This case concerns Defendants' alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), (d). Briefly, FX Aviation Capital, LLC ("FX") alleges that it was defrauded into providing loans to LG to finance the purchase of four aircraft and that LG later defaulted on the loans after individual Defendants used the loan proceeds for their personal gain. FX also claims that it was forced to sell two of the aircraft that it repossessed at reduced prices after Defendants' intentionally withheld those planes' logbooks.

---

[1] A clerk's entry of default was entered against Defendant Guerrero on September 8, 2022. (Entry Default, ECF No. 19.)

[2] The facts are more fully described in the court's December 12, 2022 order.

1

On October 18, 2022, Defendants moved to dismiss, or in the alternative, for summary judgment, arguing that FX's claims are time-barred under RICO's four-year statute of limitations. (Mot. Dismiss, ECF No. 33.) The court denied Defendants' motion in an order dated December 9, 2022, holding that "FX's claims are not time-barred in their entirety" because FX has plausibly identified four non-time-barred predicate acts of wire fraud giving rise to new and independent injuries.[3] (Op. & Order, ECF No. 44.)

Defendants moved for judgment on the pleadings on December 23, 2022. (Mot. J. Pleadings, ECF No. 46.) FX responded in opposition on January 4, 2023. (Resp Opp'n, ECF No. 52.) Defendants did not file a reply. This matter is now ripe for review.

## II. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013).

To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing the complaint, the court "must

---

[3] At the same time, the court "expresse[d] no opinion . . . as to whether FX has satisfied Rule 9's heightened pleading standard with respect to th[o]se predicate acts or has adequately alleged the enterprise, relatedness, and continuity requirements as those issues [we]re not before the court." (Op. & Order 11 n.7, ECF No. 44.)

2

accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018). The court will not, however, credit "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

### III. DISCUSSION

Defendants argue that judgment on the pleadings is warranted because "none of the damages Plaintiff seeks are within the statute of limitations." (Mem. Supp. Mot. J. Pleadings 3, ECF No. 46-1.) Contrary to Defendants' assertion, however, FX clearly alleges that it has suffered financial losses proximately caused by non-time-barred predicate acts.[4] The court notes the following allegations from FX's amended complaint:

- "Once [FX] repossessed the aircraft . . . Defendants would then attempt to extort money from [FX] and its corporate officers by refusing to turn over the aircraft flight and maintenance log books unless [FX] paid a sum of money to Liker and Guerrero." (Am. Comp. ¶ 27, ECF No. 30.)

- On July 6, 2018, Liker emailed FX's credit officer stating that he would withhold the Embraer's logbooks unless FX directed "all prospective [Embraer] buyers to him to personally handle." (Id. ¶ 59, ECF No. 30.)

- On July 30, 2018, Liker emailed FX's credit officer again, "trying to evade responsibility for default" and the "disappearance" of the "logbooks and records in violation of signed loan collateral and security agreements." (Id. ¶ 60, ECF No. 30.)

- On August 20, 2018, Liker sent FX's credit officer a third email in an "attempt[] to use aircraft logbooks and records to extort money from [FX] on [the] loan deficiency." (Id. ¶ 61, ECF No. 30.)

- "Without the original flight and maintenance records, [FX] had to significantly discount the sale price of the [Embraer] to a third party." (Id. ¶ 65, ECF No. 30.)

- "On September 27, 2018, [FX] obtained an offer to purchase the Boeing aircraft from Kalitta Air Cargo for the purchase amount of $1,575,000.00. . . . The sale

---

[4] The statute-of-limitations cut-off date was April 19, 2018.

3

was not completed, however, because Liker falsely claimed the Boeing 737 aircraft's flight and maintenance records were lost, effectively destroying the marketable value of the aircraft. [FX] was forced to sell the aircraft for scrap for approximately $400,000.00 due to the lack of aircraft's flight and maintenance records. [FX] sustained a loss of approximately $1,550,000.00." (Id. ¶ 74, ECF No. 30.)

It is therefore

**ORDERED** that Defendants' motion for judgment on the pleadings, docket number 46, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
January 26, 2023